NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**CHRISS H. CHRISTENSEN,**
Claimant-Appellant,

v.

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
Respondent-Appellee.

2010-7032

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-2618, Judge Robert N. Davis.

## ON MOTION

Before RADER, FRIEDMAN, and GAJARSA, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to summarily affirm the judgment of the United States Court of Appeals for Veterans Claims in this case.

The United States Court of Appeals for Veterans Claims dismissed Chriss H. Christensen's appeal for lack

of jurisdiction. The court determined that Christensen failed to file a notice of appeal at the court within the 120-day statutory time period for seeking review of the Board of Veterans' Appeals decision. Christensen filed an appeal with this court seeking review of that decision.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his informal brief, Christensen appears to argue only that he is entitled to benefits. However, because the Court of Appeals for Veterans Claims dismissed Christensen's appeal in that court for lack of jurisdiction and did not address the merits of his claim for benefits, issues concerning Christensen's claim for benefits are not before us. To the extent that Christensen seeks to challenge whether the Court of Appeals for Veterans Claims correctly determined that it lacked jurisdiction over his appeal, we summarily affirm. Christensen filed his notice of appeal more than seven months after the 120-day appeal period expired. We thus grant the Secretary's motion to affirm the judgment of the Court of Appeals for Veterans Claims.

Accordingly,

IT IS ORDERED THAT:

(1)  The Secretary's motion is granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

**MAY 1 9 2010**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Chriss H. Christensen
     Richard P. Schroeder, Esq.

s8

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 1 9 2010

JAN HORBALY
CLERK